# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| TORITHA HAYES,  )  | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17-00507-N |
| ) | |
| NANCY A. BERRYHILL, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
|    Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Toritha Hayes ("Hayes") brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*., and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*. Upon consideration of the parties' briefs (Docs. 14, 15, 21) and those portions of the administrative record[1] (Doc. 13) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under § 1383(c)(3) and sentence four of § 405(g).[2]

---

[1] The parties' joint motion for waiver of oral arguments was granted. (Doc. 25, 29).
[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 26, 27, 28).

## I. *Background*

On August 5, 2014, Hayes filed applications for a period of disability, DIB, and SSI with the Social Security Administration ("SSA"), alleging disability beginning March 20, 2014.[3] After her applications were initially denied, Hayes requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. A hearing was held with an ALJ on July 21, 2016. The ALJ rendered an unfavorable decision on Hayes' application, finding her not disabled under the Social Security Act and thus not entitled to benefits. (*See* R. 22-36). On December 28, 2016, Hayes wrote the Appeals Council, appealing the decision and requesting review. The Commissioner's decision on Hayes' application became final when the Appeals Council for the Office of Disability Adjudication and Review denied her request for review of the ALJ's decision on September 21, 2017.

Hayes subsequently filed this action under § 405(g) and § 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under

---

[3] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured. 42 U.S.C. § 423(a)(1)(A) (2005). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202–03 (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the

3

[Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.'" *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[4] "In determining whether substantial evidence

---

[4] Nevertheless, "[m]aking district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *id.*, and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x

exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity

---

958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court').")); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

5

attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[5]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[6]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d

---

[5] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[6] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)

8

(per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

## III. *Summary of the ALJ's Decision*

The ALJ applied the five-step evaluation process and concluded that the "…plaintiff had the severe impairments of asthma, status post open reduction internal fixation of fractured bones in the right ankle (talus) and lower leg (tibia and fibula)." (Doc. 21). The ALJ determined that Hayes had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), which included certain limitations. The ALJ held that Hayes could no longer perform her past work as a certified nursing assistant, but could "perform other work existing in significant numbers in the national economy and was therefore not disabled." (Doc. 21)

The explanation given for the Disability Insurance Benefits ("DIB") claim rendered an opinion based on an injury from an automobile accident that resulted

9

in nerve damage to Hayes' right foot, ankle, and leg. (R-87). The report held that a consultative examination ("CE") was required because "the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on the claim." (R-87). Hayes treated with Dr. Timberlake, her primary medical provider, from 2013 to 2016. On different occasions, Dr. Timberlake provided assessments and rendered opinions pertaining to Hayes' medical conditions and her progression. After review of assessments provided by Hayes' medical providers and the CE, it was determined she was not disabled pursuant to their guidelines.

The ALJ determined that Hayes had the residual functional capacity ("RFC"),"to perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b)[,[7]] with the following functional limitations: a sit/stand with the retained ability to stay on or at a work station in no less than 30 minute increments each without significant reduction of remaining task; able to ambulate short distance of up to 50 yards per instance on flat, hard surfaces with a single handed assisted walking device; unable to push or pull using lower extremities; never use right foot controls; frequently reach overhead bilaterally; occasionally climb ramps and stairs; never climb ladders or scaffolds, frequently balance or stoop; never kneel, crouch or crawl; never be exposed to unprotected heights,

---

[7] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. §§ 404.1567, 416.967.

dangerous machinery, dangerous tools hazardous processes or operate commercial motor vehicle; never be exposed to concentrated dust, fumes, gases or other pulmonary irritants; and be off task 5% of an 8-hour workday (in non-consecutive minutes), in addition to normal workday breaks." (Doc. 21) (R. 34).

Based on the RFC and the testimony of a vocational expert ("VE"), the ALJ determined that Hayes was not capable of performing past relevant work as a certified nursing assistant.(R. 34). However, the RFC states, "Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416,969(a))." (R. 35). Alternatively, the ALJ proceeded to Step Five and found that there exist a significant number of jobs in the national economy that Hayes could perform given her RFC, age, education, and work experience. (R. 35). The ALJ held that transferability of job skills is not an issue in this case because the relevant work is unskilled. (R.35). Thus, the ALJ found Hayes was not disabled. (R. 28). "The vocation expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as telephone quote clerk…with approximately 1,100 jobs in Alabama…" (R. 35).

## IV. *Analysis*

### A. ALJ did not err in rejecting the opinion of Dr. Perry Timberlake

Hayes argues that the ALJ improperly rejected the opinion of the treating physician, Dr. Perry Timberlake. The ALJ rejected the opinion of Timberlake,

11

finding that, "Dr. Timberlake's opinion was inconsistent with the claimant's reports, objective findings, and was internally inconsistent with his treatment notes and clinical observations." (Doc. 21). In addition, the ALJ found that Hayes' statements contradicted Dr. Timberlake's assessment. The ALJ also held that Dr. Timberlake's opinion was inconsistent with another medical opinion of record. (Doc. 21).

The ALJ maintained that on a few occasions, Dr. Timberlake and Hayes' reports conflicted, stating:

> Specifically, the claimant reports being able to sit for 3 hours while shopping and attending church regularly, while Dr. Timberlake states the claimant has the capacity to sit for a maximum of 2 hours (Exhibits 3E,9F). Further, the claimant opined she could lift 20-25 pounds, while Dr. Timberlake restricted the claimant to lifting a maximum of 5 pounds (Exhibits 3E,9F).

The ALJ referenced the Disability Determination Explanation. Hayes claims that the ALJ reported, "…she was able to sit for three hours while shopping and attended church regularly." (R. 34). Hayes disputes this finding by the ALJ and specifically references her answer in the Function Report, "[t]he most since the accident about 3 times a month about 1 hour if they have those electric shopping carts if not maybe about three hours." (R. 34). Hayes also states that Dr. Van Hayne, M.D., the state agency physician, did not examine or have the opportunity to review the exhibits provided by Dr. Timberlake before completing the Disability Determination Explanation.

The ALJ noted that Dr. Timberlake was appropriately considered as a

treating physician. However, due to Dr. Timberlake's conflicting reports, the ALJ placed less weight on his opinion. The law holds that, "[s]ubstantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to disregard them." *Sabo v. Chater,* 955 F.Supp. 1456,1462 (M.D.Fla.1996). Treating physicians are "likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Lewis v. Callahan,* 125 F.3d 1436,1440 (11th Cir.1997). The ALJ articulated the reason for placing less weight on the treating physician's opinion, and this is supported by substantial evidence.

**B. The RFC is Supported by Substantial Evidence**

"[A]n ALJ's RFC determination must be supported by substantial and tangible evidence, not mere speculation regarding what evidence of record as a whole equates to in terms of physical abilities." *Stephans v. Astrue*, No. CA 08-163-C, 2008 WL 5233582 (S.D.Ala Dec. 15, 2008). Within the residual functional capacity assessment ("RFC"), the ALJ maintained that Hayes would be able to do sedentary work, but would be unable to return to her previous occupation as a CNA. Hayes argues that the RFC is not supported by the evidence of record, specifically, the evidence and assessment presented by Dr. Timberlake. Hayes states,

> The ALJ gave little weight to the assessment by the treating physician, Dr. Timberlake, who limited Ms. Hayes to less than sedentary work. He gave partial weight to the opinion of the consultative examiner, Dr. Aryanpure, who had not provided a functional assessment. (Doc. 15).

Hayes argues that the ALJ completed the RFC assessment without a medical provider's opinion. The Commisioner maintains that the ALJ and not a medical source must "make a legal determination of an RFC." (Doc. 21). As noted by the Commissioner, "[t]he regulations set forth a variety of factors in addition to the objective medical evidence and the opinion evidence that are relevant in evaluating a claimants alleged limitations and determining what limitations are appropriate for the RFC. 20 C.F.R. §§404.152(c)(3),416.629(c)(3)". (Doc.21). The ALJ must take a complete view of the evidence to determine reasonable limitations that are appropriate in the particular case, and not just rely on one piece of evidence or one medical opinion. The ALJ's legal determination of the RFC was based on a review of the evidence and the RFC is supported by substantial evidence.

The opinion of a treating physician, "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1426,1440 (11th Cir.1997) (citing *Phillips v. Barnhart* 357 F.3d 1232,1240 (11th Cir.2004)). In *Phillips*, the court held that the ALJ gave several legitimate reasons for giving less weight to Dr. Schatten's opinion and that the ALJ's decision was supported by substantial evidence. *Id*. Phillips believed the court erred when it rejected, Dr. Schatten's opinion, his treating physician. "The

ALJ concluded that this assessment was at odds with Dr. Schatten's prior observations and contrary to Phillips own admissions concerning her activities." *Id*. The ALJ presented substantial evidence to support the decision in rejecting Dr. Schatten's opinion.

"This Court has concluded 'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id*. The ALJ found that Dr. Timberlake's assessment and Hayes' statements conflicted. "Dr. Timberlake's opinion was inconsistent with the claimant's reports, objective findings, and was internally inconsistent with his treatment notes and clinical observations." (R. 34).

The ALJ's opinion discusses Dr. Timberlake's opinions at length, accords partial weight to the opinion of the consultative examiner, and notes that the State agency physician opined that Hayes could do light exertional work. The ALJ articulates substantial evidence to support his reasons for disregarding Dr. Timberlake's assessments and supporting the RFC and taking into consideration all medical evidence that resulted from the automobile accident.

**C. The Appeals Council did not err in reviewing the Hospital Records submitted after the ALJ hearing**

"If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider if it is new, material, and chronologically relevant." *Washington v. Soc. Sec. Admin.,* 806 F.3d 1317,1320 (11th Cir. 2015). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Id.* "New evidence is material and chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b), 416.147(b)(2016)(citing *Hargress v. Social Sec. Administration, Com'r.,* 883 F.3d 1302,1309 (11th Cir.2018). In *Hargress,* the court held that the Appeals Council properly refused to consider the claimants new medical records. "Hargress asked the Appeals Council to review the ALJ's decision, and submitted additional medical records, some of which post-dated the ALJ's hearing decision of February 24, 2015." *Id.* at 305. The Appeals Council reasoned that the new information was about a later time that did not affect the decision made concerning Hargress disability and that the information was not chronologically relevant.

To succeed on a claim for newly submitted evidence, a party must show, "(1)there is new, noncumulative evidence; (2) the evidence is 'material', that is, relevant and probative so there is a reasonable possibility that it would that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen,* 791 F.2d 872 (11th Cir. 1986)(citing *Vega v. Commissioner of Social Sec.,* 265 F.3d 1214 (11th Cir. 2001). In *Vega* the court held that Plaintiff met those requirements for her newly submitted evidence. The court reasoned that Vega had good cause for not submitting this

16

evidence to the ALJ prior to the hearing. Vega suffered from chronic fatigue syndrome ("CFS"), amongst other things. After reviewing Vegas's newly submitted evidence, the court held that the evidence met the requirements. They reasoned that because the discovery of a particular herniated disc was exposed after the ALJ's original decision, the new evidence met the third requirement. *Id*. at 1218. The ALJ originally rejected the CFS as a diagnosis because there was no definite test or specific laboratory findings to support such a diagnosis. *Id*. at 1220. The court concluded that the lack of testing did not preclude the diagnosis of CFS.

The ALJ issued the final decision on November 8, 2016 after the administrative hearing. Hayes argues that the Appeals Council improperly neglected to review the hospital records from her hospitalization at UAB in April 2017. (Doc. 15). After the ALJ's final decision, Hayes underwent arthroscopic ankle fusion and subtalar fusion. (Doc. 15). The Appeals Council did not review the records, stating that the Administrative Law Judge "decided your case through November 8, 2016. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled on or before November 8,2016." (R. 2). Hayes maintains that, "the new evidence is material, in that it contradicts the ALJ's findings and conclusions regarding the severity of the claimant's ankle condition and pain." (Doc. 15). The Commissioner argues that, "Plaintiff did not submit any associated evidence to show that her surgery was required or that it somehow reflected on her condition prior to November 2016." (Doc. 21).

The newly submitted evidence that Hayes presented does not meet the requirements listed in *Vega*. The ankle fusion Hayes underwent was not the result of a newly discovered issue that stemmed from the car accident. The surgery was for further treatment for her right ankle that the ALJ had already taken into consideration. In addition, it is unlikely that the evidence of the surgery would have led to a different administrative result. Hayes presented no good cause to show the reason to allow the newly submitted evidence.

Accordingly, the Court **OVERRULES** Hayes' claims of reversible error and finds that the Commissioner's final decision denying her benefits is due to be **AFFIRMED**.

## V. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Hayes' applications for a period of disability, DIB, and SSI, made final by the Appeals Council's denial of review on June 21, 2017, is **AFFIRMED** under 42 U.S.C. § 1383(c)(3) and sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 6th day of February 2019.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**